IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Asheville Division

FILED
ASHEVILLE, N.C.

SEP 1 8 2007

U.S. DISTRICT COURT
W. DIST. OF N.C.

| UNITED STATES OF AMERICA | ) | 1:07cr69 |
| --- | --- | --- |
| v. | ) | |
| HENDERSON AMUSEMENT, INC. | ) | 1:07cr69-01 |
| JAMES OTIS HENDERSON | ) | 1:07cr69-02 |
| BARRON SLOAN HENDERSON | ) | 1:07cr69-03 |
| JERRY PENNINGTON | ) | 1:07cr69-04 |
| JEFFREY LEE CHILDERS | ) | 1:07cr69-05 |
| HAROLD STEVE HARTNESS | ) | 1:07cr69-06 |
| WILLIAM W. BROWN | ) | 1:07cr69-07 |
| KATHY STEPHEN | ) | 1:07cr69-08 |
| MARTY MARVIN BABB | ) | 1:07cr69-09 |
| MICHAEL RAY ELLIOTT | ) | 1:07cr69-10 |
| RANDALL W. GILES | ) | 1:07cr69-11 |
| ROGER BEDENBAUGH | ) | 1:07cr69-12 |
| IMRAN ALAM | ) | 1:07cr69-13 |
| DENNIS CLARY | ) | 1:07cr69-14 |
| TIMOTHY SHANNON BUFF | ) | 1:07cr69-15 |
| GUY KENNETH PENLAND | ) | 1:07cr69-16 |
| RONNIE EUGENE DAVIS | ) | 1:07cr69-17 |
| DEXTER WAYNE WINFIELD, JR. | ) | 1:07cr69-18 |
| BILLY RAY BUCHANAN | ) | 1:07cr69-19 |
| TERRI HOLTSCLAW | ) | 1:07cr69-20 |
| ROBERT MERRYMAN | ) | 1:07cr69-21 |
| PAMELA BUESSER | ) | 1:07cr69-22 |

## ORDER

On August 2, 2007, a sealed indictment was returned in this case against 21 individual defendants and one corporate defendant. The following day — August 3, 2007 — the indictment was unsealed as to 15 of the named defendants, specifically Henderson Amusement, James Henderson, Barron Henderson, Pennington, Childers, Hartness, Brown, Stephen, Babb, Elliott, Giles, Alam, Penland, Davis and Winfield. The Hendersons, Childers, Hartness, Stephen, Babb, Elliott,

1

Alam, Penland, Davis and Winfield had all previously been arrested on criminal complaints and had had their initial appearances before the magistrate judge on July 31 and August 1, 2007.[1] On August 3, 2007, the magistrate judge ordered pretrial detention as to seven of these defendants, namely the Hendersons, Childers, Hartness, Stephen, Babb and Elliott. Since then, Childers, Stephen, Babb, and Elliott have all been released on conditions; Stephen, Babb and Elliott have also entered into plea agreements with the government and thus will not be proceeding to trial in this matter. At the moment, therefore, only the Hendersons and Hartness remain in custody.

On August 30, 2007, the indictment was unsealed as to the remaining seven defendants. On that date, Buchanan, Holtsclaw and Merryman were each arrested and released on conditions in the course of their initial appearances before the magistrate judge. The following day — August 31, 2007 — Clary had his initial appearance and was likewise released on conditions. On September 12, 2007, three more defendants — Bedenbaugh, Buff and Buesser — had their initial appearances and were released on conditions. Thus, only one of the 22 named defendants — Giles — has not yet been arrested or entered an appearance in this case.

Following a status hearing, and by Order dated September 11, 2007, this case was scheduled for a jury trial on December 10, 2007. *See United States v. Henderson Amusement, Inc., et al.*, 1:07cr69 (W.D. N.C. Sept. 11, 2007) (Order). At issue now is the question whether this trial date comports with the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. For the reasons set forth below, it is pellucidly clear that it does, as much of the time that has elapsed since the defendants'

---

[1] The remaining defendants as to whom the indictment had been unsealed had their initial appearances shortly thereafter. Specifically, the corporate defendant — Henderson Amusement — had its initial appearance on August 6, 2007. Brown, in turn, had his initial appearance on August 3, 2007, and Pennington had his on August 8, 2007. Both individuals were released by the magistrate judge on conditions in the course of their initial appearance.

2

initial appearances and the unsealing of the indictment is properly excluded from the Speedy Trial Act computation.

The Speedy Trial Act provides, in pertinent part, that

> [i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). Moreover, for a defendant who is being <u>detained</u> pending trial, the Speedy Trial Act provides that the trial "shall commence not later than ninety days following the beginning of such continuous detention...." 18 U.S.C. § 3164(b). Yet, for both detained and non-detained defendants, there are certain periods of delay that are properly excluded from the applicable time computations under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h).

One such excludable period of time that is particularly relevant here is "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(7). In this case, there are 22 defendants charged together in the indictment and no motions for severance have been filed. One of the defendants — Giles — has not yet been arrested, and several other defendants just recently entered their initial appearances on September 12, 2007, namely Bedenbaugh, Buff and Buesser. Thus, as to those particular defendants, the 70-day Speedy Trial Act period began to run less than a week ago. And in this regard, it is clear that a reasonable period of time excluded from computation as to <u>one</u> defendant is excluded as to <u>all</u> defendants. *See United States v. Jarrell*, 147 F.3d 315, 316 (4th Cir. 1998).

Another period of time that is excluded from the Speedy Trial Act computation is "[a]ny period of delay resulting from other proceedings concerning the defendant," including, *inter alia*, "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(F); *see also Henderson v. United States*, 476 U.S. 321, 326-30 (1986). In this case, multiple pretrial motions have already been filed on behalf of various detained defendants and the specific days during which those motions were pending are properly excluded from the Speedy Trial Act calculation. Additional, more time-consuming pretrial motions will doubtless also be filed by various defendants in the future, thus warranting further exclusions from the applicable calculation.

A third period of time that is appropriately excluded from the Speedy Trial Act computation is "[a]ny period of delay resulting from a continuance granted by any judge...if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). Factors relevant to this analysis include, among other things,

> [w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

18 U.S.C. § 3161(h)(8)(B)(ii).

The instant prosecution presents just such an unusual and complex case. Specifically, the record reflects that this case is the result of more than two years of cooperative effort and investigation by multiple government agencies, including the Federal Bureau of Investigation, the Internal Revenue Service, the State Bureau of Investigation, North Carolina Alcohol Law

4

Enforcement, the United States Attorney's Office, and various local law enforcement authorities. Already, this prosecution has required the execution of approximately 30 search warrants in North Carolina and South Carolina, the seizure of more than 65 boxes of documents, *ex parte* orders authorizing the disclosure of tax returns for more than ten individuals, and testimony of more than 70 grand jury witnesses. The indictment includes 18 different criminal counts against 21 individual defendants and one corporate defendant, as well as a lengthy forfeiture allegation involving more than $5 million and 21 parcels of land. Thus, given the significant number of defendants and charges involved in this case, as well as the voluminous and complex nature of the evidence presented, it would simply be unreasonable to expect adequate preparation for trial or pretrial proceedings within the 70- or 90-day time frames set forth in the Speedy Trial Act.

Finally, this case presents the unusual situation where the Chief Judge of the Court of Appeals for the Fourth Circuit has designated a district judge from a district outside the State of North Carolina to preside over the trial of this case given the recusal of all of the district judges from the Western District of North Carolina, as well as an additional district judge from the Middle District of North Carolina. And, while it is true that the "general congestion of a court's calendar" is not typically a factor to be considered in the Speedy Trial Act analysis,[2] it is nonetheless significant to note that this Court already has a full civil and criminal docket of its own pending in the Eastern District of Virginia, including a lengthy capital trial that has long been scheduled to commence in October 2007.

For all of the foregoing reasons, given that no parties have raised any objections, and because

---

[2] Specifically, 18 U.S.C. § 3161(h)(8)(C) provides that "[n]o continuance...shall be granted because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government."

5

"the ends of justice served by taking such action outweigh the best interest of the public and the defendant[s] in a speedy trial," 18 U.S.C. § 3161(h)(8)(A).

It is hereby **ORDERED** that the December 10, 2007 trial date now scheduled in this matter comports with the dictates of the Speedy Trial Act in all respects.

The Clerk is directed to send a copy of this Order to all counsel of record.

September 18, 2007
Alexandria, VA

/s/
T. S. Ellis, III
United States District Judge